UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOCK MCNEELY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-mc-00169-RLW |
| ) | |
| LOU BLANAS, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner has filed a motion to appoint counsel (Docket No. 4). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that appointment of counsel is not warranted. Petitioner has not demonstrated that the nature of the litigation is such that he or the Court will benefit from the assistance of counsel. Therefore, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel (Docket No. 4) is **DENIED**.

Dated this 26th day of March, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE