UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOCK MCNEELY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:20-MC-169 RLW |
| LOU BLANAS, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This closed miscellaneous matter is before the Court on petitioner Dock McNeely's "Appointment of Counsel Under the Criminal Justice Act / Statement of Parolee or Mandatory Releasee Concerning Appointment of Counsel Under the Criminal Justice Act." (Docket No. 13). Based on review of the filing, the Court concludes that petitioner seeks a substitution of counsel for Heather E. Williams, a Federal Public Defender in the Eastern District of California who was appointed to represent petitioner in 2000.

Petitioner's filing references prior cases in the U.S. District Court for the Eastern District of California; the Ninth Circuit Court of Appeals; the Superior Court of the State of California, Sacramento County; and the Superior Court County of Alameda California. Petitioner states among other things that a "warrant application was made out of the Superior Court County of Alameda California, Docket 19-CR-015157," presumably against him. (ECF No. 13 at 10.) For relief, petitioner states that he "has appeared in this court and is facing a felony warrant application [from California] and cannot afford counsel, [and] is therefore entitled by the CJA to the immediate appointment of counsel for all stages of this case." (ECF No. 13 at 14.)

Under the Criminal Justice Act, the Court is required to provide representation to a financially eligible person who is charged in the Eastern District of Missouri with a felony or Class A

misdemeanor; who is a juvenile alleged to have committed an act of juvenile delinquency under 18 U.S.C. § 5031; who is charged with a violation of probation; who is under arrest; who is charged with a violation of supervised probation; who is subject to a mental condition hearing; who is in custody as a material witness; who is entitled to counsel under the Sixth Amendment; where federal law requires appointment of counsel; or who is entitled to counsel under 18 U.S.C. § 4109. *See* 18 U.S.C. § 3006A(a)(1).

Petitioner's motion for substitute counsel does not fall into any of the categories for which appointment of counsel must be provided by this Court under the Criminal Justice Act because he is not charged with a federal crime in this District. More fundamentally, this Court does not have subject matter jurisdiction to address petitioner's motion or any aspect of his cases in the state and federal courts of California. The motion will therefore be denied. The Court will summarily any deny future motions filed by petitioner in this case because it lacks subject matter jurisdiction. Petitioner should direct his efforts to the relevant court(s) in California.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Dock McNeely's "Appointment of Counsel Under the Criminal Justice Act/Statement of Parolee or Mandatory Releasee Concerning Appointment of Counsel Under the Criminal Justice Act" (ECF No. 13) is **DENIED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Court will summarily deny any future motions filed by petitioner in this case, for lack of subject matter jurisdiction.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of January, 2024.